**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 14, 2016

LETTER TO COUNSEL

RE:  *Sheila Denise Young o/b/o Wayne Wainwright Young, deceased v. Commissioner, Social Security Administration*;
Civil No. SAG-15-3297

Dear Counsel:

On October 29, 2015, Plaintiff Sheila Denise Young ("Plaintiff") petitioned this Court to review the Social Security Administration's final decision to deny claims for Disability Insurance Benefits and Supplemental Security Income filed by her now-deceased husband, Wayne Wainwright Young ("Mr. Young"). (ECF No. 1).  I have considered the parties' cross-motions for summary judgment and Plaintiff's reply memorandum. (ECF Nos. 16, 17, 18).  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2016).  This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g).  This letter explains my rationale.

Mr. Young filed his claims for benefits in April 2011, alleging a disability onset date of November 12, 2010.  (Tr. 236-41, 242-48).  His claims were denied initially and on reconsideration.  (Tr. 99-104, 106-13).  Hearings were held on August 8, 2013 and December 5, 2013, before an Administrative Law Judge ("ALJ").  (Tr. 35-98).  Following the hearings, the ALJ determined that Mr. Young was not disabled within the meaning of the Social Security Act during the relevant time frame.  (Tr. 20-34).  The Appeals Council denied Mr. Young's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Young suffered from the severe impairments of "seizure disorder and anxiety disorder." (Tr. 26).  Despite these impairments, the ALJ determined that Mr. Young retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: except simple, unskilled work, occasionally climb ramps and stairs, never climb rope, ladder, scaffold, never balance, and avoid all exposure to hazards, defined as heights and moving machinery.

Case 1:15-cv-03297-SAG   Document 19   Filed 10/14/16   Page 2 of 4
*Sheila Denise Young o/b/o Wayne Wainwright Young v. Commissioner*
Civil No. SAG-15-3297
October 14, 2016
Page 2

(Tr. 29). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Young could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 33-34).

Plaintiff raises two primary arguments on appeal: 1) that the ALJ erred under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); and (2) that the ALJ otherwise mischaracterized material evidence. I agree, and find that remand is warranted because the ALJ failed to adequately account for Mr. Young's moderate limitation in concentration, persistence, or pace in her RFC assessment, and mischaracterized an opinion from Mr. Young's treating physician, Dr. Bird.

First, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 732 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.,* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consists of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1620a(c)(2), 416.920a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* at §§ 404.1620a(c)(4), 416.920a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.,* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02.

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ

determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (*quoting Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Even so, the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC. *Id.*

In the instant case, in a conclusory paragraph including no reasoning whatsoever, the ALJ found that Mr. Young had "moderate difficulties in maintaining concentration, persistence or pace." (Tr. 28). The only relevant analysis elsewhere in the opinion is a statement reading, "However, the undersigned found, despite an absence of specific treatment, that the claimant's anxiety or panic attacks could also affect the claimant's mental status, particularly his concentration, persistence, and pace, thus RFC limited to simple, unskilled work." (Tr. 32).

Ultimately, the ALJ's limited analysis is simply insufficient to permit adequate review. Without further explanation, I am unable to ascertain whether the ALJ truly believed Mr. Young to have had moderate difficulties in concentration, persistence, and pace, instead of mild, or no difficulties, and how those difficulties restricted his RFC to "simple, unskilled work" without further limitation. For example, moderate difficulties in concentration and persistence might have impacted Mr. Young's ability to sustain even simple work throughout an eight hour workday. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should explain why Mr. Young suffered moderate difficulties in concentration, persistence, and pace, and should impose whatever appropriate limitation(s) would have addressed his difficulties. In so holding, I make no finding as to whether the ALJ's ultimate conclusion that Mr. Young was not disabled during the relevant time frame was correct or incorrect.

I further agree with Plaintiff's contention that the ALJ erred in finding Dr. Bird's June, 2011 disability certificate to be "somewhat inconsistent." *See* Pl. Mem. 18-19, (Tr. 32). The ALJ alleges that Dr. Bird found that Mr. Young was incapacitated by seizures from December, 2010 through December, 2011 and also that he was capable of returning to light duty work as of June, 2011. (Tr. 32). It is clear from a review of Dr. Bird's opinion, however, that he did not check the "light duty work" box. (Tr. 369). Instead, the ALJ appears to have mistaken a mark resulting from the photocopying of a hole from a three-hole punch as a pen mark by the physician. *Id.* Thus, the ALJ should re-consider Dr. Bird's opinion without the error in its interpretation.

Finally, Plaintiff asserts that the ALJ erred in asserting that Maryland law requires a treating doctor to notify the motor vehicle administration if a patient suffers from uncontrolled

*Sheila Denise Young o/b/o Wayne Wainwright Young v. Commissioner*
Civil No. SAG-15-3297
October 14, 2016
Page 4

seizures.  Pl. Mot. 20.  Because the ALJ stated that this obligation "meant a great deal" in her analysis, and because Plaintiff asserts that the ALJ's interpretation of the law was in error the ALJ, on remand, should specifically evaluate and cite the Maryland law at issue rather than relying on a general statement of "state law in all 50 states."  (Tr. 32).

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge